IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA KINCAID<br>4661 Blythin Road<br>Garfield Heights, Ohio 44125<br><br>Plaintiff<br><br>vs.<br><br>AUTO SERVICES UNLIMITED, INC.<br>dba North Coast Auto Mall<br>c/o Alex Gertsburg, Statutory Agent<br>100 North Main Street Suite 300<br>Chagrin Falls, Ohio 44022<br><br>and<br><br>Michael Kislyanski<br>c/o Auto Services Unlimited Inc<br>dba North Coast Auto Mall<br>5755 Granger Road<br>Independence, OH 44131<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

## **PARTIES**

1. Plaintiff Cassandra Kincaid brings this action against Defendants Auto Services Unlimited, Inc. ("ASUI") and Michael Kislyanski ("Kislyanski") to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Ohio Fair Wage Minimum Standards Law, O.R.C. § 4111.01 *et seq.*, and under the Ohio Constitution, § 2.34, and to recover damages for wrongful termination of employment.

2. Defendant ASUI is an Ohio corporation doing business in the Northern District of Ohio and, at all relevant times, is an "employer" as defined under the FLSA and the Ohio Minimum Fair Wage Standards Act.

3. Defendant Kislyanski, upon information and belief, is and/or was at all relevant times an officer, manager and/or director of ASUI, and an "employer" as defined under federal and Ohio wage laws.

4. Plaintiff Cassandra Kincaid currently resides in Cuyahoga County, Ohio and was at all relevant times a non-exempt "employee" as an assistant underwriter, of Defendants as defined under the FLSA and the Ohio Minimum Fair Wage Standards Act, as well as the Ohio Constitution earning Sixteen Dollars and Eighty Three Cents ($16.83) per hour but paid a biweekly salary even though she worked on average approximately sixty (60) hours per week.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b) etc.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendants do business in Cuyahoga County, Ohio, and the causes of action alleged herein arise from Defendants' activities in Cuyahoga County, Ohio.

## COUNT ONE

**Violation of the Fair Labor Standards Act**

8. At all times material to this action, AUSI was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1)(A) and (B) of the FLSA.

9. At all times relevant to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

10. At all times relevant to this action, Defendants employed Plaintiff in an hourly, non-supervisory non-exempt capacity

11. Throughout her employment Plaintiff consistently worked on average 20 hours per week overtime for which she should have been paid at the overtime rate.

12. The provisions set forth in the FLSA apply to Defendants and Plaintiff.

13. Defendants intentionally, willfully and/or with reckless disregard for the law failed to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours per work week at a rate not less than one and one-half times the regular rate at which she is employed or the minimum wage.

14. Defendants engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA and were willful and knowingly in violation of the law.

15. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff is owed approximately Twenty Five Dollars and Twenty-Four Cents ($25.24) per hour for each of the approximately 20 hours she worked overtime each week based on her hourly wage, or Five Hundred and Four Dollars and Ninety Cents ($504.90) per week equal to Twenty Six Thousand Two Hundred and Fifty-Four Dollars ($26,254.00) per anum.

16. In addition to the amount of unpaid wages and benefits owing to Plaintiff, she is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b), prejudgment interest, and attorney fees. .

## COUNT TWO

**Violation of the Ohio Minimum Fair Wage Standards Act & Ohio Constitution**

17. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

18. Plaintiff brings this claim to recover unpaid overtime compensation under provisions of the Ohio Fair Wage Minimum Standards Law, O.R.C. § 4111.01 *et seq.,* and under the Ohio Constitution, § 2.34.

19. The acts of which Plaintiff complains are in violation of the law and the Ohio Constitution.

## COUNT THREE

**Wrongful Termination**

20. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

21. Plaintiff was terminated on or about June 9, 2016 after her attorney advised the Defendants of her rights under the FLSA and Ohio law relative to overtime compensation.

22. Plaintiff says her termination was because Defendants believe she was about to exercise her rights under the law.

23. The Plaintiff's dismissal was also in violation of The Fair Labor Standard Act.

24. Plaintiff's dismissal was also against public policy as it would jeopardize the policies set forth in Federal and State law as they relate to overtime compensation as well as

common law as it relates to a person's right to seek counsel from an attorney.

25. As a result, the Plaintiff has suffered a loss of income, the exact amount to be determined as well as great physical and mental stress in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

26. The Defendant's actions were done with malice and complete disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff prays for the following relief:

    **A.    On Count One pursuant to § 216(b) of the FLSA:**

        1. Plaintiff be awarded damages in an amount not less than Twenty-Six Thousand Two Hundred Fifty-Four Dollars ($26,254.00) on an annual basis, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

        2. Reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

        3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled as well as punitive damages in an amount of one Hundred Thousand Dollars ($100,000.00).

    **B.    On Count Two pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.*, and under Article II, §34a of the Ohio Constitution:**

        1. That Plaintiff be awarded damages plus an equal amount of liquidated damages, and prejudgment interest;

        2. Reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

**C.  On Count Three:**

1. That Plaintiff be awarded damages in the amount of lost compensation and benefits, and compensatory damages in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) and punitive damages in the amount of One Hundred and Fifty Dollars ($150,000.00);

2. Reasonable attorney fees and the costs and expenses of this action be paid by Defendants; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

**D.** Any and all such other relief to which Plaintiff might be entitled under each Count of the Complaint including punitive damages.

Respectfully submitted,

/s/ Alan I. Goodman
Alan I. Goodman (0012660)
55 Public Square, Suite 1330
Cleveland, Ohio 44113
Tele: (216) 456-2486
Fax: (216) 456-2487
agoodman@aiglaw.com

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone:  (216) 522-0011

Telecopier: (844) 548-3570
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all causes of action.

/s/ Alan I. Goodman
Alan I. Goodman (0012660)